Steve Michael COX, Plaintiff— Appellant,

v.

Jim BENEDETTI; et al., Defendants— Appellees.

No. 03–17321.

D.C. No. CV–01–00223–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Steve Michael Cox, Ely, NV, pro se.

T. L. Lui, Esq., Nevada Attorney General's Office, Carson City, NV, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Steve Michael Cox, a Nevada state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs by removing his name from an alternative meal list without notice, and by refusing to reinstate his name on the list. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment on Cox's deliberate indif-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ference claim because there was no medical evidence that Cox had a need for an alternative meal or that removing him from the meal list caused his alleged medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that the prisoner must show that prison officials knew of and disregarded an excessive risk to inmate's health).

The district court properly granted summary judgment on Cox's due process claim because Cox's conclusory assertions were insufficient to show that removing him from the alternative meal list imposed an "atypical and significant" deprivation in relation to ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court properly granted summary judgment on Cox's retaliation and discrimination claims because Cox pointed to no evidence to demonstrate that he was removed from the meal list in response to filing grievances or because of religious or racial animus. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995) (explaining that the prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action); *see also Washington v. Davis*, 426 U.S. 229, 239–40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) (racial discrimination); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997) (religious discrimination).

Cox's remaining contentions lack merit.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.